IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| KIMBERLY G. DANIEL, | ) | |
| | ) | |
| Plaintiff, pro se, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND RECOMMENDATION** |
| LABORATORY CORPORATION | ) | 1:09CV279 |
| OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on Defendant Patti W. Ramseur's ("Defendant-Ramseur") motion to dismiss for failure to comply with a court order (docket no. 8). Plaintiff has failed to file a response within the time required by Local Rule 7.3(f); therefore, Defendant's motion is considered uncontested and is now ripe for disposition. Given that the parties have not consented to the jurisdiction of a magistrate judge, the court must deal with the motion by way of recommendation. For the following reasons, the court will recommend that Defendant-Ramseur's motion be granted.

**BACKGROUND**

On April 13, 2009, Plaintiff brought this action as a pro se litigant, alleging violations of her civil and constitutional rights, among other violations.[1] (*See* docket no. 3.) Plaintiff's complaint alleges that these violations arose out of an injury she

---

[1] On April 21, 2009, Plaintiff filed an amended complaint (docket no. 5).

claims to have received while employed by Defendant Laboratory Corporation of America. In all, Plaintiff has named approximately seventeen individuals and entities–ranging from her former employer, medical doctors, and state officials–as defendants in this proceeding.

Neither Plaintiff nor Defendant-Ramseur provide any information to this court that is helpful in determining Defendant-Ramseur's relationship to these alleged violations. It appears that the only mention of Defendant-Ramseur is in a one-page attachment, titled "Transcript of the Evidence," to Plaintiff's original complaint (docket no. 3). In that document, Defendant-Ramseur is listed as "appearing" for the "Defendants" in a matter before the North Carolina Industrial Commission. *Id.* Presumably, Defendant-Ramseur represented Plaintiff's former employer before the North Carolina Industrial Commission regarding the injuries Plaintiff alleges in her filings.

On April 15, 2009, following the filing of the original complaint, but before the filing of the amended complaint, this court entered an order granting Plaintiff's request to proceed in forma pauperis (docket no. 4). In addition, the court stated,

> Plaintiff is responsible for preparing and delivering to the Clerk, the correct summons for service on each defendant, including the correct address and the name and title of the individual to be served on behalf of a corporation, association, infant, incompetent or government agency. Failure to prepare and deliver said summons within 15 days from the filing of this order shall result in this case being dismissed without further notice. The U.S. Marshal shall serve the summons and complaint upon defendants.

2

*Id.* As of April 30, 2009, Plaintiff had partially complied with this order, having provided summonses for eleven of the named Defendants. (docket no. 6.) To date, no summons has been submitted for Defendant-Ramseur.

Defendant-Ramseur filed the pending motion to dismiss on May 13, 2009, moving for her dismissal as a party given Plaintiff's failure to submit a summons to her as required by this court's order.[2] (*See* docket no. 8.) To date, Plaintiff has failed to provide any response to this motion. Furthermore, in a *Roseboro* letter dated May 21, 2009, the court notified Plaintiff of her right to respond and the possible consequences of not taking any action. (*See* docket no. 10.)

**MOTION TO DISMISS**

Federal Rule of Civil Procedure 41(b) provides:

If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

FED. R. CIV. P. 41(b).

Nevertheless, the Fourth Circuit treats dismissal with prejudice under Rule 41(b) as "a harsh sanction which should not be invoked lightly in view of 'the sound

---

[2] I further note that Defendant-Ramseur did not submit a brief with her motion to dismiss, as required by Local Rules 7.3(a), (j). This court cautions all parties to comply with this requirement given that Local Rule 7.3(k) states that "[a] motion unaccompanied by a required brief *may, in the discretion of the court, be summarily denied.*" LR 7.3(k) (emphasis added).

3

public policy of deciding cases on their merits.'" *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (quoting *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)). As the Fourth Circuit stated in *Davis v. Williams*,

> [a]gainst this policy, [a] district court must balance considerations of sound judicial administration, applying four criteria: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a "'drawn out history' of 'deliberately proceeding in a dilatory fashion;'" and (4) the effectiveness of sanctions less drastic than dismissal.

*Id.* (quoting *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)); *see also Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 472 (4th Cir. 1993).

Here, Plaintiff is proceeding pro se; therefore, she is solely responsible for her actions, including the failure to submit a summons for Defendant-Ramseur or a response to Defendant-Ramseur's motion to dismiss. Furthermore, Plaintiff has not made any representation to this court that she was having issues with compliance or was in need of more time to comply. In fact, her partial compliance with this court's order shows that she had a sufficient understanding of her responsibilities regarding the submission of summonses to the Clerk. Although pro se litigants are entitled to some deference from the courts, "they as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989).

Second, Defendant-Ramseur has suffered prejudice given the cost and delay resulting from Plaintiff's failure to comply with this court's order.  Third, Plaintiff has proceeded in a dilatory manner by not submitting a summons for Defendant-Ramseur or a response to Defendant-Ramseur's motion to dismiss, despite clear and explicit warnings regarding the consequences.  Finally, given that Plaintiff is indigent, monetary sanctions would be ineffective.  In this context, no other reasonable sanctions are available.  For all these reasons, it will be recommended that Defendant-Ramseur be dismissed as a party to this action pursuant to Fed. R. Civ. P. 41(b) with prejudice.

**CONCLUSION**

For the aforementioned reasons, **IT IS RECOMMENDED** that Defendant-Ramseur's motion to dismiss (docket no. 8) be **GRANTED** and that Defendant-Ramseur be dismissed as a party to this action.

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, NC

July 6, 2009