# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KIMBERLY G. DANIEL, ) | |
| ) | |
| Plaintiff, pro se, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | **AND RECOMMENDATION** |
| LABORATORY CORPORATION ) | |
| OF AMERICA, et al., ) | 1:09CV279 |
| ) | |
| Defendants. ) | |

This matter comes before the court on numerous motions to dismiss by Defendants (docket nos. 12, 17, 19, 21, 23, 25, 31, 34, 49, 50, 51, 54, 62, 64, 69, 88, 93). A hearing on the motions was held on August 3, 2010. The undersigned recommended that the court grant dismissal of all claims against all Defendants for the reasons stated in Defendants' briefs and for the reasons articulated by defense counsel in open court. This writing is intended to clarify and supplement the reasons for dismissal articulated by the undersigned in open court. Given that the parties have not consented to the jurisdiction of a magistrate judge, the court must deal with the motions by way of recommendation. For the following reasons, the court will recommend that Defendants' motions be granted and that this matter be dismissed in its entirety.

**BACKGROUND**

On April 13, 2009, Plaintiff brought this action as a pro se litigant, alleging violations of her civil and constitutional rights, among other violations.[1] (*See* docket no. 3.) Pro se Plaintiff originally sued no less than 31 named Defendants in this case related to Plaintiff's alleged injury at work in April 2004, the alleged refusal by her employer Defendant Laboratory Corporation of America ("Lab Corp") to accommodate her subsequent disabilities as a result of her injuries, the subsequent termination of her employment in April 2006, and a state workers' compensation proceeding in which she ultimately received an adverse ruling.[2]  Plaintiff also pursued unsuccessful discrimination claims with the Equal Employment Opportunity Commission ("EEOC") and the Employment Discrimination Bureau of the North Carolina Department of Labor.

Plaintiff has named as Defendants a plethora of individuals and entities, including but not limited to her former employer and its insurance company, various medical doctors, state officials involved in her state workers' compensation proceedings, her former lawyers in her workers' compensation proceedings, a notary public, an employee of the EEOC, and various employees of the Employment Discrimination Bureau of the North Carolina Department of Labor.

---

[1] On April 21, 2009, Plaintiff filed an amended complaint (docket no. 5).

[2] Numerous Defendants have already been dismissed.

**MOTION TO DISMISS**

Dismissal As to Certain Named Defendants

The standard of review on a motion to dismiss is well established and need not be repeated here. I first note that some of the named Defendants should be dismissed based on either lack of service of summons or improper service. On April 15, 2009, this court entered an order granting Plaintiff's request to proceed in forma pauperis (docket no. 4). In addition, the order stated in pertinent part:

> Plaintiff is responsible for preparing and delivering to the Clerk, the correct summons for service on each defendant, including the correct address and the name and title of the individual to be served on behalf of a corporation, association, infant, incompetent or government agency. Failure to prepare and deliver said summons within 15 days from the filing of this order shall result in this case being dismissed without further notice.

*Id.* Plaintiff failed to comply with the court's order as to numerous Defendants. Specifically, Plaintiff failed to serve Defendant Lab Corp with summons, and Plaintiff offered no justifiable reason for failing to do so in the hearing held on August 3, 2010. Therefore, Defendant Lab Corp should be dismissed as a Defendant.[3] *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). Furthermore, other

---

[3] In any event, any claims against Lab Corp arising under Title VII or the Americans with Disabilities Act are time-barred, as the court discusses *infra*. Furthermore, with respect to Plaintiff's allegations against Lab Corp arising out of the handling of her state workers' compensation proceedings, this court lacks jurisdiction over Plaintiff's state workers' compensation proceedings, as the court discusses *infra*.

additional Defendants were either never served with summons, or received insufficient service of process, and these Defendants could be dismissed for this reason alone: Vicki Missar, Tiffany Lathan,[4] Michael Bachmann, Jim DeCatyse, Phyllis Chandler, Kathey Renaud, Daniel Ostrovsky, Cheryl Brewer, Susan Perez, and Kevin Ginsberg. In any event, and alternatively, the claims against these Defendants should be dismissed for other reasons, as articulated below, and as discussed in the August 3, 2010, hearing.

With respect to the claims against EEOC employee Defendant Thomas Colclough, to the extent that Colclough is being sued in his individual capacity, service of process was insufficient, and Plaintiff has wholly failed to state a cognizable federal claim against Colclough. To the extent that Colclough is being sued in his official capacity, Plaintiff's claims against the EEOC are barred by sovereign immunity; Plaintiff has failed to state a cognizable federal claim against the EEOC; and service of process against the EEOC was insufficient.

The following Defendants may also be dismissed for failure to state a claim because there are either no allegations whatsoever against them in the amended complaint, or because the allegations simply do not state any cognizable federal claim against them: Defendants Sam Constance, Lisa Lanier, Kevin Ginsberg, Daniel Ostrovsky, Cheryl Brewer, Phyllis Chandler, Susan Perez, Kathey Renaud,

---

[4] Lathan is incorrectly spelled "Layton" in the caption of the amended complaint.

Susan Thomas, Tiffany Lathan, and Vicki Missar.[5]  In addition, Defendant Michael Bachmann, who was allegedly one of Plaintiff's supervisors at Lab Corp, should be dismissed on the basis that, to the extent that Plaintiff has attempted to bring claims against Bachmann arising under the Americans with Disabilities Act ("ADA") or Title VII, there is no individual liability under these statutes.  To the extent that Plaintiff is attempting to bring an FMLA retaliation claim against Bachmann, although it is not clear in this circuit whether individual liability exists under the FMLA, Bachmann should be dismissed because Plaintiff's service of process as to Bachmann was insufficient, as noted *supra*.

Defendant Broadspire Services, the insurance provider for Lab Corp, should also be dismissed for failure to state a claim.  Specifically, any potential Section 1983 claims against Broadspire should be dismissed because Broadspire is not a state actor for the purposes of Section 1983.  Finally, Plaintiff's allegations against Broadspire are in effect an improper attempt to challenge a ruling of the North Carolina Industrial Commission in Plaintiff's state workers' compensation proceedings, as discussed *infra*.

---

[5]  Defense counsel noted in detail in the parties' briefs and in the hearing August 3, 2010, what, if any, factual allegations were made against Defendants.  As to some of these Defendants, there were no allegations whatsoever, aside from the Defendants being designated as Defendants in the caption of the amended complaint.  Furthermore, as to the remaining Defendants listed here, the factual allegations in the amended complaint are simply too sparse to state a claim arising under federal law.  In sum, as noted in the hearing held on August 3, 2010, I agree with defense counsel that the allegations against these particular Defendants simply do not sufficiently state a claim arising under federal law.

Recommendation of Dismissal As to Various Potential Claims Brought by Plaintiff

As to particular claims allegedly brought by Plaintiff in this case, any potential claims arising under the ADA or Title VII should be dismissed as time-barred because Plaintiff failed to file her lawsuit within 90 days of receiving her EEOC notice of the right to sue, dated August 21, 2007.

Next, any claims brought under various federal criminal statutes as cited in the amended complaint should be dismissed because there is no private right of action under these criminal statutes. Plaintiff also attempts to allege claims of conspiracy against various Defendants under 42 U.S.C. § 1985. Plaintiff simply fails to sufficiently allege Section 1985 conspiracy claims as to any of the named Defendants. Plaintiff also cites to 42 U.S.C. § 1986 in her complaint. This statute is simply not applicable to any of the Defendants; furthermore, Section 1986 has a one-year statute of limitations; thus, any alleged claims arising under Section 1986 are time-barred.

Furthermore, some of the named Defendants were involved with Plaintiff's state workers' compensation claim, in which the North Carolina Industrial Commission ultimately ruled against Plaintiff.[6] In naming various individuals as Defendants as well as naming the North Carolina Industrial Commission itself as a

---

[6] Plaintiff's claim was heard and allowed by Deputy Commissioner Phillip Baddour on May 9, 2008, but the decision was subsequently overturned and denied in an Opinion and Award authored by Defendant Commissioner Ballance on or around December 10, 2008. Plaintiff did not appeal the ruling and it therefore became final.

Defendant, Plaintiff is in effect inviting this court to review the ruling of the North Carolina Industrial Commission. For this court to have jurisdiction, Plaintiff's claims must "aris[e] under the Constitution, laws, or treaties of the United States."[7] 28 U.S.C. § 1331. The gist of Plaintiff's allegations against these Defendants–that the North Carolina Industrial Commission made an erroneous decision–is insufficient to show that this case "arises under the Constitution, laws, or treaties of the United States." *Accord Patterson v. Funderburk*, C/A No. 10-0676-MBS, 2010 WL 2404445, at *1 (D.S.C. June 10, 2010); *Richardson v. South Carolina Workers' Compensation Comm'n*, C.A. No. 2:07-1914-PMD, 2007 WL 2477312, at *3 (D.S.C. Aug. 28, 2007). Therefore, the court should dismiss Plaintiff's claims against the following Defendants: the North Carolina Industrial Commission; Vicki Missar, who performed an ergonomics assessment at Plaintiff's workplace and subsequently testified in Plaintiff's workers' compensation case; Jim Decatyse and Tiffany Lathan, both employees with the Employment Discrimination Bureau of the North Carolina Department of Labor[8]; Sam Constance, an investigator for the North Carolina Industrial Commission; and Bernadine Ballance, the commissioner who issued a

---

[7] The alternative basis for this court's jurisdiction–diversity of citizenship–also does not exist in this case. *See* 28 U.S.C. § 1332.

[8] The Employment Discrimination Bureau is responsible for enforcing North Carolina's Retaliatory Employment Discrimination Act ("REDA"), which prohibits an employer from discriminating against an employee who, among other things, files a workers' compensation claim. *See* N.C. GEN. STAT. § 95-241.

ruling adverse to Plaintiff.[9] Ballance may also be dismissed, alternatively, based on quasi-judicial immunity. *See Sherwin v. Piner*, No. 5:03CV275H(3), 2003 WL 24051574, at *1 (E.D.N.C. July 22, 2003). Furthermore, Defendant North Carolina Industrial Commission must additionally be dismissed based on Eleventh Amendment sovereign immunity.[10] *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

---

[9] As noted, *supra*, the claims against Constance and Lathan may also be dismissed for failure to state a claim. The only allegation against Constance is that Plaintiff contacted him about her workers' compensation claim and he told her she had to wait until the final outcome of her workers' compensation case before he could help her. Furthermore, the complaint has no specific factual allegations against Lathan whatsoever. The naming of Lathan as a Defendant appears to arise out of Plaintiff's unsuccessful REDA complaint.

[10] Eleventh Amendment immunity also applies to any named individual Defendants in this matter who are employees of North Carolina state agencies and who are being sued in their official capacities.

**CONCLUSION**

In sum, the upshot of this Recommendation is that all claims against all Defendants should be dismissed. For the aforementioned reasons, and for the reasons stated in open court at the hearing held on August 3, 2010, **IT IS RECOMMENDED** that the court grant all of Defendants' motions (docket nos. 12, 17, 19, 21, 23, 25, 31, 34, 49, 50, 51, 54, 62, 64, 69, 88, 93) and dismiss Plaintiff's case in its entirely.[11]

_____
WALLACE W. DIXON
United States Magistrate Judge

August 5, 2010

---

[11] Although dismissal should be without prejudice as to those Defendants who are being dismissed solely based on lack of service of process or insufficient service of process, the dismissal will most likely effectively bar Plaintiff from reasserting claims against those Defendants due to the applicable statutes of limitations.